## NEWMAN v. NEWMAN.

No. A-514.    Opinion Filed November 16, 1910.

1. DIVORCE—Right of Nonresident Defendant to File Cross-Petition. Where a resident of the state for the statutory time files her petition for divorce, the defendant may file a cross-petition and pray for and obtain a decree of divorce from plaintiff without alleging that he has resided continuously in the state for a year next before his application for divorce set forth in his cross-petition.

2. DIVORCE—Action to Set Aside—Fraud—Collusion. Where, in a suit to set aside a decree of divorce for fraud, the petition alleged that, prior to the time for taking testimony before the referee, defendant, with intent to cheat and defraud plaintiff and prevent her from appearing, in consideration that she would introduce no testimony in said cause and offer no resistance to a decree in his favor on his cross-petition, agreed to and did pay her $500 in full of alimony, and further agreed to remarry her within three years after said decree and immediately have his life insured in her favor for $5,000 and permit her and their children to remain in possession of a certain piece of land filed and settled on by him, which said promises he had failed and refused to perform, such petition fails to state facts sufficient

to justify equitable interference, and a demurrer thereto should have been sustained.

(Syllabus by the Court.)

*Error from District Court, Kay County; W. M. Bowles, Judge.*

Action by A. G. Newman against John A. Newman. From an order overruling demurrer to petition, defendant brings error. Reversed and remanded.

*Moss & Turner,* for plaintiff in error.
*John S. Burger,* for defendant in error.

TURNER, J. On February 8, 1907, defendant in error, as plaintiff, filed her petition in the district court of Kay county, in which she alleged herself then, and for several years next theretofore, to be a resident of said county; that, on July 20, 1905, she sued in said court her husband, John A. Newman, plaintiff in error, for divorce and alimony—and attached a copy of her petition in that case as an exhibit; that thereto said Newman filed answer and cross-petition—a copy of which she also attached as an exhibit; that, in said cross-petition, said Newman failed to allege that he had resided continuously in the state for one year next preceding the filing thereof, and was in fact a non-resident of the state; that, prior to the time for taking testimony before the referee, to whom said cause was referred, said Newman, with intent to cheat and defraud her and prevent her from appearing and presenting her cause before a referee, in consideration that she would introduce no testimony in said cause and offer no resistance to a decree in his favor on said cross-petition, agreed to pay her, in case said decree was granted, $500 in full of alimony, which he did, and further agreed that, within three years after said decree, he would remarry her; that he would immediately have his life insured in her favor for $5,000, and permit her and their three children to remain in possession of a certain piece of land in said county filed and settled upon by said Newman. That she, relying upon said promises and believing them to be true, offered no resistance to the taking of said decree, which was later

granted by the court, but that said Newman had failed and refused to perform said promises, and had sued to put her and her children off said land and for possession thereof—and, after re-stating her grounds for divorce, prayed that said Newman be restrained from prosecuting his said suit; that said decree of divorce be set aside, that her deed quitclaiming said land to said Newman be canceled, that she be decreed divorced from him, and for general relief. To this a general demurrer was filed and over-ruled, and defendant brings the case here. In overruling the demurrer, the court, in effect, held that, as defendant, in his cross-petition, failed to allege that he had resided continuously in the state for a year next before his application for divorce set forth therein, his decree of divorce was void for want of jurisdiction. The question, then, before us to determine is: Was said allegation necessary to confer jurisdiction on the trial court to grant relief on the cross-petition? In support of plaintiff's contention that it was is urged an act of Congress approved May 25, 1896, which reads:

"That no divorce shall be granted in any territory for any cause unless the party applying for the divorce shall have resided continuously in the territory for one year next preceding the ap-plication: Provided, &c."

The allegation was unnecessary. The court having jurisdiction of the subject-matter of divorce, and, under the pleadings, having acquired jurisdiction of the parties, had a right to determine all the equities between them and do complete justice in the premises.

In *Sterl v. Sterl*, 2 Ill. App. 223, an almost identical statute was under construction. In that case the facts were that to a bill for divorce, attached to which was his affidavit of nonresidence, defendant appeared and filed her answer and cross-bill. To the latter plaintiff demurred, upon the ground that same disclosed that complainant therein had not resided in the state for more than one whole year next before the filing thereof. The court sus-tained the demurrer and dismissed the cross-bill. On appeal this was assigned for error. It appeared from the bill that complainant

in the cross-bill had resided for two years in New York City. The governing statute provided:

"Section 2, chapter 40, Revised Statutes 1877: 'No person shall be entitled to a divorce in pursuance of the provisions of this act, who has not resided in the state one whole year, next before filing his or her bill or petition, unless the offense or injury complained of was committed within this state, or whilst one or both of the parties resided in this state.' "

In support of the demurrer it was contended that under the provisions of said section appellant had no right to file her cross-bill praying for a divorce, for the reason that she was not a resident of the state and, that fact appearing on the face of her cross-bill, appellee could avail himself of such fact of nonresidence by way of demurrer. The court, in effect, held the allegation to be unnecessary and not jurisdictional and that without it appellant was entitled to relief under a cross-bill and, in reversing the decree, said:

"It is a familiar principle of law that a court of equity having acquired jurisdiction of the parties and of the subject-matter of the suit will retain and exercise such jurisdiction, until the equities of all the parties are meted out to them. In this case the jurisdiction of the court is invoked by the appellee, he having, as he had a legal right to do, filed his bill against appellant praying relief and summoning the appellant into the court. When she is thus brought in, and having responded to the claims of the appellee by answering his bill of complaint, being, as it were, then forced into the court, submits herself to its jurisdiction, and asks the court to grant to her certain equitable rights, to which she claims to be entitled, then it is that the appellee challenges the jurisdiction of the court to grant to her any equitable rights but continues to clamor for his. This position is unconscionable and indefensible upon the principles of equity. But we are told, and it us urged by the appellee, that by reason of the arbitrary provisions of the statute, there is no escape from this dilemma, and that, as a consequence, the appellant is in the court for the purpose of receiving its mandate, and yielding obedience to its orders, but without any equitable rights which the appellee is bound to respect, for the reason, as he claims, that she resided in New York, and not in Illinois, and, notwithstanding she is dragged into the court, at the

suit of appellee, and, as may be presumed, against her will. We think that by the plainest principles of equity the appellee is, under such circumstances, precluded from questioning the jurisdiction of a court which he has himself invoked; and that the court having acquired jurisdiction of the subject-matter, and the parties to the suit, at the instance and by the prayer of the appellee, he cannot be heard to question the jurisdiction of the court to hear, consider and determine all the equities of the parties to the end that complete justice may be done to all in the same case. There is another ground on which we think the appellant had the undoubted right to file her cross-bill, under all the circumstances of this case, and that is as one of the means or methods of defense to the original bill. 'A cross-bill being generally considered as a defense to the original bill or as a proceeding necessary to a complete determination of a matter already in litigation, the complainant is not, at least as against the complainant in the original bill, obliged to show any ground of equity to support the jurisdiction of the court. It is treated, in short, as a mere auxiliary suit, or as a dependency upon the original suit.' 2 Barbour, Chancery Practice, 131, and authorities there cited. To the same effect is the holding of the court in *Field v. Schieffling*, 7 Johnson Ch. R. 307. This view seems well sustained by other elementary writers, as well as adjudged English cases. If, then, the right to file a cross-bill be included in the right to make a full and complete defense to the allegation contained in the original bill, we think no one will be found who will deny her that right; so that in either view of the case, we think appellant had the clear right to file her cross-bill notwithstanding she was at the time a resident of New York, and not of Illinois"—

and, in effect, held that the nonresident wife, upon her showing in her cross-bill, was entitled to relief. This case was cited and followed in *Clutton v. Clutton*, 108 Mich. 267.

In that case Jonathan L. Clutton, a resident of the state for the statutory time, brought suit for divorce against the defendant Anna J. Clutton, a resident of Ontario, alleging their marriage in Ontario. She appeared, filed her answer admitting the marriage, but denied all the causes for divorce stated in the complaint. She filed her answer as a cross-complaint making counter charges, and prayed for a divorce from complainant. The trial court sustained

a general demurrer to the cross-bill, dismissed the same,.and defendant appealed. One question decided by the court was: "Can a decree of divorce be granted a nonresident of the state, who is brought in by the complainant, who is and has been a resident of the state for the statutory period required to give the court jurisdiction?" The governing statute read:

"No divorce shall be granted unless the party exhibiting the petition or bill of complaint therefor shall have resided in this state one year immediately preceding the time of exhibiting such petition or bill. * * * "

In answering the question in the affirmative the court quoted approvingly from *Jenness v. Jenness*, 24 Ind. 359, where a decree was granted a nonresident defendant under similar circumstances, and said:

" 'That to give the statute any other construction would be to say that in two cases precisely alike in their facts, the defendant in one being a resident, and in the other a nonresident, the former might result in a decree for divorce on cross-petition, with such alimony as ought to be given where the plaintiff is in fault; while in the latter, that vindication of character which can often be secured only by a decree, could not be had by the defendant, nor could the alimony be adjusted upon the basis of the fact that the defendant was the party aggrieved. Such a discrimination against nonresident defendants finds no place within the letter of the statute, still less in its spirit, and a construction which would allow it, would invite, in the class of cases in which they could be most successfully perpetrated, the very worst abuses.' * * * 'While our statute is intended to prevent nonresidents from making use of our courts to perpetrate frauds upon their unsuspecting wives or husbands, by coming here to petition for divorces, it, at the same time, arms them with every weapon of defense which is afforded to our own people, when brought into court at the suit of those whose *bona fide* residence here gives us jurisdiction.' "

There is nothing in the petition which would justify this court in setting aside the decree of divorce on the ground of fraud. The petition so to do discloses the same to have been obtained as a result of collusion between the parties, and this court will leave

them where it finds them. The parties thereto are bound by it. (*Nichols v. Nichols*, 25 N. J. E. 60, and cases cited.

*Karren v. Karren* (Utah) 69 Pac. 465, was a suit to set aside a decree of divorce for fraud on the wife. The facts were that her husband, as plaintiff in the suit resulting in the decree sought to be set aside, represented to her that his·father would deed him certain land if he would divorce her; that in order to aid him in securing said land she made no defense to the suit, it being understood that he would remarry her. On appeal the·Supreme Court, after quoting approvingly 2 Bishop on Mar., Div. & Sep., sec. 1548:

"Mutual fraud, of which the common instance is collusion and which is available to third persons in interest, as we shall see in the next subtitle, cannot be brought forward by either of the parties against the. other as ground for reversing any step in the cause, or vacating the sentence. This doctrine is an inevitable result from the universal rule of our law that one in a court of justice cannot complain of his own wrong, or of another's wrong whereof he was a partaker. It would be a special novelty for a plaintiff to address the tribunal with, 'The defendant and I have been playing a trick on this court, but I discover he has got the better of me, so please turn the tables on him.' "—
reversed the judgment of the trial court and dismissed the bill. And such we will do here.

The cause is accordingly reversed and dismissed.

All the Justices concur.