## ERDMAN v. ERDMAN.

### No. 3672.    Opinion Filed June 30, 1914.

#### (141 Pac. 965.)

**DIVORCE—Decree—Action to Set Aside—Collusion.**  Where, in a suit to set aside a decree of divorce for fraud, pursuant to Comp. Laws 1909, sec. 6094 (Rev. Laws 1910, sec. 5267), the petition alleged that, pending the suit and prior to the rendition of the decree assailed, in consideration that defendant would offer no resistance thereto, plaintiff promised and agreed with him that she would abandon all claim  therein for alimony and would obtain a decree of divorce and the custody of the children only; that relying thereupon he made no defense thereto, and the decree assailed was entered giving her alimony as prayed; and that the defendant had a good defense to that suit—held, that the petition fails to state facts sufficient to justify equitable interference.

(Syllabus by the Court.)

*Error from Superior Court, Pottawatomie County;*
*G. C. Abernathy, Judge.*

Petition by Fred Erdman against Minnie Erdman to vacate a divorce decree.  A demurrer to the petition was sustained, and plaintiff brings error.  Affirmed.

*Lydick & Eggerman* and *Kittie C. Sturdevant,* for plaintiff in error.

*Wells & Lee,* for defendant in error.

TURNER, J.  On September 12, 1911, Minnie Erdman, defendant in error, sued Fred Erdman, plaintiff in error, in the superior court of Pottawatomie county for divorce on the ground of extreme cruelty, and, defendant being adjudged in default, the court. after finding the allegations in her petition to be true, granted her a divorce, the custody of their four minor children, gave her $10 per month alimony, and as permanent alimony vested in her title to two certain lots in the town of Shawnee, the property of defendant.  On January 9, 1912, came defendant, and, pursuant to Comp. Laws 1909, sec. 6094 (Rev. Laws 1910, sec.

5267), petitioned the court to vacate said decree. As ground therefor the petition substantially states that, pending the suit and prior to the rendition of the decree assailed, plaintiff therein, colluding with her attorney, with intent to defraud, induced defendant to offer no resistance thereto by promising and agreeing with him that she would abandon all claims to his property or any part thereof as alimony and would obtain a decree of divorce and the custody of the children only; that, relying on said agreement, he made no defense to said suit as agreed, whereupon the decree therein went against him, as stated. He denied that he had abused the plaintiff as set forth in her petition for divorce, and alleged that he had a good defense thereto and tendered an answer, which was sworn to, in which he attempted to set it up.

The court was right in sustaining a demurrer to said petition. This for the reason that it shows collusion between plaintiff and the defendant in the divorce suit. *Newman v. Newman,* 27 Okla. 381, 112 Pac. 1007, governs this case. There plaintiff petitioned the court to set aside the decree alleging, in substance, that prior thereto and the taking of testimony before the referee, the defendant, who was plaintiff in the divorce suit, with intent to cheat and defraud her and prevent her from appearing before the referee in said cause, in consideration that she would offer no testimony before the referee and no resistance to the suit, agreed to pay her, in case the decree was granted, $500 alimony, which he did, and further that, within a certain time after the decree and after his father had deeded him a certain piece of land, etc., he would remarry her. A demurrer to this petition was overruled; but on appeal, reversing the case, we said:

"There is nothing in the petition which would justify this court in setting aside the decree of divorce on the ground of fraud. The petition so to do discloses the same to have been obtained as a result of collusion between the parties, and this court will leave them where it finds them."

And so we will do here. Judgment affirmed.

All the Justices concur.