## Florence Stewart, Appellant, v. Leotis Stewart, Appellee.

## Gen. No. 27,981.

1. APPEAL AND ERROR—*motion for alimony as waiver of jurisdictional question.* A complainant in divorce under a bill alleging her residency for the jurisdictional periôd, who immediately after filing her bill sought and secured an order for alimony and solicitor's fees, cannot on appeal from a decree granting a divorce to the husband on his cross-bill, raise the question of want of jurisdiction on the ground of nonresidence of the parties.

2. DIVORCE—*right of nonresident defendant to divorce on cross-bill.* A nonresident defendant, sued for divorce, may file a cross-bill and obtain a divorce notwithstanding his nonresidency, where the court obtained jurisdiction under the original bill.

3. DIVORCE—*sufficiency of finding as to desertion.* A finding in a decree awarding divorce to a defendant on his cross-bill for desertion by the complainant, that · complainant deserted and abandoned the defendant without any reasonable cause, and for a period of more than two years immediately preceding the filing of the bill refused to live and cohabit with him, is a sufficient finding of wilful desertion under Cahill's Ill. St. ch. 40, ¶ 1.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1922. Affirmed. Opinion filed December 26, 1923.

JAMES B. CASHIN, for appellant.

KAPLAN & KAPLAN, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

On November 1, 1920, Florence Stewart, filed her bill of complaint against her husband, Leotis Stewart, asking for alimony and divorce from the defendant. After answering defendant filed a cross-bill, to which complainant and cross-defendant filed an answer. The matter came on for hearing on the issues raised by the

two bills, and the court found that complainant had failed to maintain her bill, and it was dismissed for want of equity, and the defendant and cross-complainant was awarded a decree of divorce on his cross-bill, to reverse which complainant prosecutes this appeal.

Complainant alleged in her bill that she had been a resident of Cook county for more than one year last past immediately preceding the filing of the bill, and that she and the defendant lived together as husband and wife until the 15th day of April, 1918, when the defendant wilfully, without any reasonable cause, deserted and abandoned her. She further alleged in her bill that the defendant had placed a great deal of his property in the name of his sister so that complainant could not reach it; that more than two years prior to May, 1920, the defendant had worked for one Balls at Glencoe, Illinois, and received a salary of $90 per month, and prayed that he be decreed to pay her alimony and solicitor's fees.

On November 30, defendant entered his appearance and on December 15, 1920, filed his answer, wherein he denied that complainant had been a resident of Cook county, Illinois, for one year immediately prior to the filing of the bill. He further denied that he had deserted complainant, but admitted that they had not been living together as husband and wife since the 15th day of April, 1918. The answer further denied that he had placed any of his property in the hands of his sister; and contended that he should not be compelled to pay alimony and solicitor's fees. And it was then alleged that the complainant was in a better financial condition than the defendant; that she earned as much, if not more, than he did; that for a great many years last past he has invested his earnings in complainant's property located at Glencoe, Illinois; that his savings have been invested in the furnishing, remodeling and keeping of a home at that place, "which has been for several years last past and

still is occupied by the complainant, her mother and various of the complainant's relatives.''

Afterwards complainant filed a written motion, asking for an order on the defendant to pay alimony and solicitor's fees. This matter was placed on the contested motion calendar and continued from time to time on complainant's motion, and on January 17, 1921, on motion of complainant and upon evidence heard in open court, an order was entered requiring the defendant to pay $35 solicitor's fees and $7.50 per week alimony. On April 25, 1921, notice was served by complainant on the defendant that they would ask for a rule on the defendant to show cause why he should not be attached for failure to pay alimony, pursuant to the order of court theretofore entered, and in support of this complainant filed an affidavit; and on her motion an order was afterwards entered after hearing finding the defendant was behind $38.75; and he was ordered to show cause why he should not be attached for contempt for failure to obey the order of the court. Five days afterwards, April 30, 1921, the defendant filed a cross-bill, in which he recites the filing of the original bill and his answer thereto. By the cross-bill, the defendant prayed for a divorce on the ground that complainant had deserted him without cause on April 1, 1917. Afterwards on May 6, on motion of the complainant, an order as entered, continuing the rule on the defendant to show cause why he should not be attached for contempt. Subsequently complainant, upon notice to the defendant, asked for and obtained an order permitting her to amend her bill of complaint. An order was entered and the amendment accordingly made July 11, 1921, complainant and cross defendant filed her answer to the cross-bill, denying that she had deserted the cross complainant. Following this and on July 13, 1921, complainant again served notice on the defendant that she would ask for a rule on the defendant to show why he,

should not be attached for failure to pay alimony as ordered, and in support of this motion she filed an affidavit. Subsequently on the same date an order was entered on motion of the complainant, finding the defendant to be in arrears in his payment of alimony, amounting to $90, and a rule was entered upon him to show cause why he should not be attached for contempt of court. Afterwards an order was entered continuing the rule to show cause. On March 17, 1922, complainant again had notice served on the defendant, wherein it was stated she would ask another rule to show cause for contempt for failure to pay alimony, and, in support of this, complainant filed an affidavit, setting up that the alimony was unpaid. And an order was entered requiring the defendant to show cause and this matter was continued from time to time.

On June 16, a decree was entered, which recites that the cause came on for hearing on the bill of complaint, the answer of the defendant thereto and upon the cross-bill and answer, and after hearing the testimony of witnesses, sworn and examined in open court and argument of counsel, the court found that the complainant had failed to prove the charge she made in her ·bill, and it was dismissed for want of equity. It was further found by the decree that the complainant and cross defendant, without any reasonable cause therefor, had deserted and abandoned the cross complainant, and for more than two years had refused to live with the defendant and cross complainant, and the decree awarded the defendant and cross complainant a divorce. Complainant and cross defendant excepted and prayed an appeal to this court, which was allowed upon filing a bond within thirty days and a certificate of evidence within sixty days. The bond was filed but the certificate was not.

The defendant contends (1) that it does not appear from the decree or from the record that either party was a resident of this State and contends that it does

not appear that the cross complainant was a resident of Cook county, Illinois, for one year prior to the filing of the suit, and that this is a jurisdictional requirement to the awarding of a divorce; and (2) that the decree is insufficient because it does not find that the complainant and cross defendant wilfully deserted the defendant and cross complainant for a period of two years.

1.  Complainant having filed her bill for divorce in which she alleged that she had been a resident for more than one year immediately preceding the filing of her bill and having brought defendant into court, she immediately invoked the aid of the court in an endeavor to make him pay alimony and solicitor's fees; having thus obtained the court's aid on her own motion she will not now be permitted to contend that the court had no jurisdiction. *Hopkins v. Gifford*, 309 Ill. 363; *Bates v. Williams*, 43 Ill. 494; *Fahnestock v. Gilham*, 77 Ill. 637.  It is the law in this State where one successfully invokes the jurisdiction of a court he is estopped from afterwards questioning its jurisdiction. It is also the law that where a bill for divorce is filed, showing jurisdiction, the defendant, although he may not be a resident of this State, may file a cross-bill and obtain a divorce if the evidence warrants it.  *Sterl v. Sterl*, 2 Ill. App. 223; *Newman v. Newman*, 27 Okla. 381; *Watkins v. Watkins*, 135 Mass. 83; *Clutton v. Clutton*, 108 Mich. 267; *Jenness v. Jenness*, 24 Ind. 355.

In 2 Barbour's Chancery Practice, it is said:  "A cross-bill being generally considered as a defense to the original bill, or as a proceeding necessary to a complete determination of a matter already in litigation, the complainant is not, at least as against the complainant in the original bill, obliged to show any ground of equity to support the jurisdiction of the court.  It is treated, in short, as a mere auxiliary suit, or as a dependency upon the original suit."

In the instant case the original bill showing juris-

diction of the court, the defendant had a right to file a cross-bill and obtain a divorce if he could, without showing that he was a resident of the State. His action in this respect was a mere adjunct to the original proceeding.

2. It is next argued that the decree is insufficient because it does not find that the cross defendant wilfully deserted the cross complainant for a space of two years, as the statute requires. Paragraph 1, ch. 40, Cahill's Ill. St. The finding is "that the said Florence Stewart, cross defendant, without any reasonable cause therefor, deserted and abandoned the cross complainant, Leotis Stewart, on or about the 15th day of April, 1918, and that the said cross defendant has since that date and for a period of more than two years immediately preceding the filing of said bill of complaint herein failed and refused to live and cohabit with the said cross complainant, Leotis Stewart." We think this finding is clearly sufficient. It finds that the cross defendant deserted and abandoned the cross complainant without any reasonable cause. This certainly implies that it was voluntary and wilful on her part. There is no merit in the contention made.

The decree of the circuit court of Cook county is affirmed.

*Affirmed.*

TAYLOR, P. J., and THOMSON, J., concur.