## CARSON v. CARSON.

No. 18553. Opinion Filed Nov. 19, 1929.

Rehearing Denied Jan. 21, 1930.

Commissioners' Opinion, Division No. 2.

D. B. Horsley, for plaintiff in error.

Leahy, Macdonald & Files, K. H. Lott, G. K. Sutherland, Widdows & McCoy, and J. M. Humphreys, Osage Tribal Attorney, for defendant in error.

HERR, C. This is an appeal prosecuted by Clara Carson from a judgment of the district court of Osage county denying her application to vacate a decree of divorce rendered in her favor by said court. The decree was granted April 2, 1918. The motion to vacate was filed November 2, 1926, and subsequent to the death of her former husband.

The motion challenges the jurisdiction of the court over the subject-matter of the action. It is alleged that prior to the time of the filing of the action in Osage county she had filed an action in the district court of Oklahoma county and that said action was still pending and undisposed of at the time the decree herein complained of was rendered, and that the district court of Osage county was, therefore, without jurisdiction in the premises.

In her petition in the original divorce action in the Osage county case, plaintiff alleges that she was and had been a resident of the state and said county for more than one year next preceding the filing of said petition and was at said time an actual resident of said county. This petition is duly verified by her. Under these allegations, upon the face of the petition, the district court of Osage county had jurisdiction over the subject-matter of the action, and the mere fact that a prior action had been filed in the district court of Oklahoma county did not operate to divest the district court of Osage county of its jurisdiction. We know of no law which would prevent appellant from abandoning her action in Oklahoma county. If she swore truthfully when she filed her action in Osage county, the district court of Oklahoma had no jurisdiction, and, in the absence of an objection on behalf of defendant in that action, she certainly had a right to abandon her action in Oklahoma county.

Appellant, at the trial, sought to establish that at the time her petition was filed and the decree rendered in Osage county she was, in fact, a resident of Arkansas City, Kan., and that the decree was, therefore, void. This evidence was by the trial court excluded, and we think correctly so.

Plaintiff invoked the jurisdiction of the district court of Osage county, procured a decree of divorce and alimony thereunder, and accepted the benefits thereof. Having

done so, she will not now be heard to say that she fraudulently invoked such jurisdiction. In the case of Ellis' Estate, 56 N. W. 1056, the Supreme Court of Minnesota held:

"Where, in an action in the court of another state for divorce, both parties voluntarily appear, and submit to the jurisdiction, they are bound by the judgment, and cannot avoid it in a collateral proceeding in this state by proof that when the action was brought and judgment rendered neither of them was a resident in that state, and that both were residents in this state."

In the body of the opinion, at page 1059, the court says:

"One reason why they ought not to be permitted, by going into another state and procuring a divorce, to escape accountability to the laws of their state, is that their act is a fraud upon the state, and an attempt to evade its laws, to which it in no wise consents, and it may therefore complain. But the parties do consent, and why should they be heard to complain of the consequences to them of what they have done? Why should they be permitted to escape those consequences by saying: 'It is true that by a false oath made by one of us, and connived at by the other, we committed a fraud in the Wisconsin court, and induced it to take cognizance of the case; but now we ask to avoid its judgment by proof of our fraud and perjury or subornation of perjury.' Because we do not think it can be done the parties must, so far as their individual interests are concerned, abide by the judgment they procured that court to render. * * *"

In the case of Ellis v. White, 17 N. W. 28, the Supreme Court of Iowa held that a plaintiff in an action for divorce and alimony cannot question the jurisdiction of the court after obtaining and accepting the benefits of the judgment rendered by such court. See, also, Van Slyke v. Van Slyke (Mich.) 152 N. W. 921; Githems v. Githems (Colo.) 239 Pac. 1023; Bledsoe v. Seaman (Kan.) 95 Pac. 576; Buxbaum v. Mason, 95 N. Y. S. 539. In the case of Brandt v. Lane, 113 Okla. 14, 237 Pac. 459, this court held:

"Where a party freely and without protest or qualification accepts the benefits of a judgment, he thereby confesses its validity and waives his right to appeal therefrom."

To the same effect is the case of Fooshee v. Craig, 110 Okla. 189, 237 Pac. 78.

Appellant further sought to establish the invalidity of the divorce decree by offering to prove that the defendant in the divorce action, Phillip Carson, was adjudged an incompetent by the county court of Osage county; that a guardian was duly appointed for him by said court, and that no summons was ever served on the guardian. This evidence was by the court excluded. This ruling is assigned as error.

The record discloses that the decree was rendered the same day the petition was filed; that defendant in that action, Phillip Carson, appeared by counsel, waived service of summons, filed a written plea therein, and consented that the cause might be immediately heard. It is contended by appellant that the decree is void on the face of the judgment roll for the reason that a guardian for an incompetent cannot waive service of summons and that a judgment entered on such waiver is a nullity. Even though we hold that in cases of this character guardians cannot waive service of summons, still we fail to see how the same could benefit appellant. The record in the divorce proceeding shows that the defendant waived service. The record does not show that defendant was ever adjudged an incompetent. Appellant sought to show this by extrinsic evidence. This evidence was clearly inadmissible. Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681.

We are also of the opinion that this question cannot be raised by appellant for the reason above stated.

The same may be said as to appellant's offer to prove that the divorce decree was taken without the introduction of evidence. The decree recites that plaintiff offered her evidence and two corroborating witnesses. The attack upon this decree comes eight years after its rendition and, therefore, comes squarely within the rule announced in the case of Pettis v. Johnston, supra. Moreover, appellant cannot be heard to complain that she was granted a decree of divorce on insufficient evidence.

The judgment of the trial court denying the motion to vacate is clearly correct and should be affirmed.

BENNETT, HALL, FOSTER, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (2) 3 A. L. R. 535; 9 R. C. L. p. 458; R. C. L. Perm. Supp. p. 2475. See "Courts," 15 C. J. § 164. p. 845, n. 21. "Judgments," 34 C. J. § 487, p. 258, n. 99.