**BURKDOLL v. BURKDOLL.**

No. 24171. Dec. 15, 1936.

McCollum & McCollum, for plaintiff in error.

Johnson & Jones, for defendant in error.

PER CURIAM. Plaintiff and defendant will be referred to as they appeared in the trial court. On the 14th day of March, 1932, plaintiff filed her petition seeking to modify a decree of divorce entered on the 19th day of March, 1931. She alleged that at the time of the granting of the decree of divorce it was agreed that the defendant would allow her to trade in a Model T Ford coupe on a new Chevrolet automobile, and also that he agreed to paint the home of the plaintiff where she was living at Bristow; that said promise was made as a property settlement and in lieu of placing such property settlement in the decree of divorce. Fraud is alleged to the extent that such promise was made with the design on the part of the defendant to prevent a decree of property settlement. It is then alleged that the defendant totally failed to comply with the terms thereof. The court entered its decree modifying the former decree of divorce and ordering the defendant to carry out the terms of the agreement or to pay $706, the difference in the trade-in value and the new Chevrolet to be purchased, and to paint the house or to pay therefor the sum of $100, the reasonable price for so painting. The appeal is taken from that order.

Defendant first filed a motion to quash summons issued on the application to modify filed by the plaintiff. He then moved to strike the petition on the ground that the court was without jurisdiction to enter any modification of the original decree. An amended petition to modify was filed and the defendant moved to strike this amended petition, which was overruled. An answer was filed denying generally the allegations, denying the jurisdiction of the court over the person of the defendant and subject-matter of the action, and alleging that plaintiff and defendant were separated about four years prior to the filing of the answer to the petition to modify; that at the time of the separation there were four children, the oldest 19 years of age; that during the first years of separation the three girls lived with the plaintiff and the defendant paid her $100 per month; that at the time of the divorce he told plaintiff he would buy her a new car, but that he has lost heavily in the cat-

tle business and had expenses, part of which consisted of an operation for one of the girls; that the defendant still intends to buy the car, but that the only means he has is his salary as sheriff; that his first duty is to care for the children. All of these matters were gone into fully. There is no proof of any payment of any kind to the plaintiff since the entering of the original divorce decree. Defendant first urges that if plaintiff stated that she would consent to a divorce of the defendant if the defendant would pay for a Chevrolet car and paint the house at Bristow, this constitutes a collusion. As worded by the defendant such state of facts might constitute collusion under the decisions of our court. However, we cannot agree that the defendant has correctly stated the facts as alleged in the petition to modify and as presented to the court. Plaintiff alleges simply that there was a property settlement in which the defendant agreed to pay certain things. It is quite the ordinary and proper thing for parties to a divorce decree to state to the court that the matter of property rights has been adjusted. We have examined the rule laid down in Newman v. Newman, 27 Okla. 381, 112 P. 1007. That was a collusion to be divorced and remarried, and the court in reversing the decree which set aside the decree of divorce said:

"There is nothing in the petition which would justify this court in setting aside the decree of divorce on the grounds of fraud. The petition so to do discloses the same to have been obtained as a result of collusion between the parties, and this court will leave them where it finds them. The parties thereto are bound by it."

Plaintiff here is not seeking to set aside a decree, but to enforce a provision that was never inserted in the decree. See, also, Erdman v. Erdman, 43 Okla. 172, 141 P. 965. The syllabus is as follows:

"Where in a suit to set aside a decree of divorce for fraud, pursuant to Comp. Laws 1909, sec. 6094 (Rev. Laws 1910, sec. 5267), the petition alleged that, pending the suit and prior to the rendition of the decree assailed, in consideration that defendant would offer no resistance thereto, plaintiff promised and agreed with him that she would abandon all claim therein for alimony and would obtain a decree of divorce and the custody of the children only; that relying thereupon he made no defense thereto, and the decree assailed was entered giving her alimony as prayed; and that the defendant had a good defense to that suit—held, that the petition fails to state facts sufficient to justify equitable interference."

There is no such allegation in the petition.

to modify filed by the plaintiff in this case. Her evidence is uncontradicted that she wished to submit the matter of property rights to the court, but that defendant wanted to settle them out of court and entered into the agreement as aforesaid.

Defendant quotes from Green v. James, 147 Okla. 273, 296 P. 743, as follows:

"The agreement was collusive and probably without consideration. 21 Cyc. 1593; Bishop on Marriage, Divorce & Separation, vol. 1, section 72. However, under the circumstances, the appellant cannot avail herself of the mutual fraud at this late date. 2 Bishop, section 1548, as therein stated. 'It would be a special novelty for plaintiff to address the tribunal with 'the defendant and I have been playing a trick on this court, but I discovered he has got the better of me, so please turn the tables on him.' Erdman v. Erdman, 43 Okla. 172, 141 P. 965; Newman v. Newman, 27 Okla. 381, 112 P. 1007.

"Pomeroy, Eq. Jurisprudence, vol. 1 (4th Ed.), sec. 395: 'If a contract has been entered into through fraud, or to accomplish any fraudulent purpose, a court of equity will not, at the suit of one of the fraudulent parties—participes doli—while the agreement is still executory, either compel its execution or decree its cancellation, nor after it has been executed, set it aside, and thus restore the plaintiff to the property or other interests which he had fraudulently transferred. Equity will leave such parties in exactly the position in which they have placed themselves, refusing all affirmative aid to either of the fraudulent parties.' "

That was a case in which the wife, a defendant, agreed to withdraw her defense on certain consideration. The language quoted in the brief of defendant was used in refusing to set aside a conveyance of interest in real estate based upon the decree. There are several other matters of grave importance in the opinion and the statement quoted by the defendant is rather incidental. The case is not in point.

We deal now with the power of the court to modify the judgment. It has such power. Section 556, O. S. 1931, subdivision 4, covers completely the relief sought. We think the testimony fully justifies fraud. In Dresser v. Dresser, 164 Okla. 94, 22 P. (2d) 1012, we said:

"An agreement to pay alimony may be set aside by the court if it be unfair or unconscionable to either of the parties."

In Mann v. Mann, 135 Okla. 211, 275 P. 348, we said:

"The relation of husband and wife is one of special confidence and trust, requiring in their dealings with each other the utmost good faith and frankness. Where either one is false to the other and fraudulenlty or through coercion procures an unjust advantage, chancery will relieve against the transaction. Wooden v. Wooden, 113 Okla. 81, 239 P. 231."

The second syllabus is as follows:

"Where, in a suit for divorce, a written property settlement is executed by husband and wife, and such settlement is later attacked by the wife on the ground of fraud and deception practiced upon her, and such settlement is apparently unfair on its face, equity raises a presumption against the validity thereof, and casts the burden upon the husband to prove good faith and that no unfair advantage in procuring such settlement was taken."

In the body of the opinion we said:

"It is further contended that the petition is defective for the reason that it failed to allege a valid defense to plaintiff's cause of action for divorce. This contention is not well taken. Defendant is not seeking to set aside the decree granting the divorce, but is simply seeking to modify the same in so far as it affects the property settlement. In order to obtain such modification, it was not necessary to set up a defense to the action for divorce. The decree settling property rights could be modified without, in any manner, interfering with the decree granting the divorce. West v. West, 134 Okla. 226, 273 P. 209."

In Wooden v. Wooden, 113 Okla. 81, 239 P. 231, we said:

"Courts of general jurisdiction have inherent power, independent of any statutory provisions, and in divorce cases, no less than in other cases, to set aside and annul any judgment or decree procured by fraud and deceit of the successful party, practiced upon the complaining party to the action, and the court."

In R. C. L., sec. 261, page 451, it is said:

"In the absence of special statutes regulating the subject, the general statutory provisions with reference to the time for the institution of proceedings to vacate judgments or decrees apply to proceedings to annul judgments or decrees in divorce actions."

Since our statute, section 556, supra, used the words "vacate or modify," the rule would apply to proceedings such as in this case. Although the defendant herein was defendant in the main proceedings, if he procured the entry of the decree without the provision as to property right in fraud of plaintiff, he would be a successful party. Holt v. Holt, 23 Okla. 639, 102 P. 187. In Watson v. State, 20 R. I. 354, 39 Atl. 193,

78 A. S. R. 871, it is said in discussing the power to vacate a decree of divorce.

"Upon principle there is no solid ground for any distinction between decrees in divorce suits and other judgments; or, if there be any, it is to be found in the much greater danger of frauds and imposition in divorce cases as compared with others, thus adding largely to the necessity and importance of preserving the power to correct or vacate decrees that have been obtained by fraud or imposition."

Plaintiff in the answer brief states that the sufficiency of evidence cannot be considered for the reason that the defendant did not renew the objection to the sufficiency of evidence by a motion for a directed verdict. This was a trial by the court and the authorities all deal with trials before a jury. We have examined the evidence to determine the sufficiency to sustain the judgment of the court, and are convinced that the evidence amply supports the judgment rendered. Plaintiff also urges that the defendant did not raise the issue of collusion in the trial court, and defendant replies that plaintiff has therefore admitted facts constituting such collusion by such answer brief. We fail to see how, if the facts fail to support such collision, plaintiff could admit them. We have gone fully into the question both as to the evidence and the sufficiency thereof to support the judgment of the trial court and the question of collusion, and finding no error, we are of the opinion that the judgment of the trial court should be affirmed.

Judgment affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.