## STAFFORD v. WILLIAMS, Adm'x, et al.

No. 26821.   May 25, 1937.

Rehearing Denied July 13, 1937.

F. E. Riddle and Neely & Rainey, for plaintiff in error and cross-petitioner in error.

O. H. Searcy and H. R. Duncan, for defendants in error.

OSBORN, C. J. This action was instituted in the district court of Osage county by Lucille Stafford, hereinafter referred to as plaintiff, against Ida F. Williams, special administratrix of the estate of Charles Mashunkashey, deceased, and certain other parties as the heirs of said Charles Mashunkashey, wherein plaintiff sought to have canceled and vacated a certain decree of divorce previously entered by the district court of Osage county in favor of Rosa Mashunkashey, mother of plaintiff, and against Charles Mashunkashey, the stepfather of plaintiff. Rosa Mashunkashey, who was made a party defendant in the action, filed an answer and cross-petition seeking affirmative relief. Demurrers were filed to plaintiff's petition and the answer and cross-petition of Rosa Mashunkashey, which were sustained by the trial court.

Plaintiff and cross-petitioner elected to stand on their pleadings, whereupon the court entered judgment dismissing the action. Both plaintiff and cross-petitioner have appealed.

Plaintiff alleged that her mother and Charles Mashunkashey were married in April, 1923; that they established a homestead in the city of Tulsa, and while residing in Tulsa county, Rosa Mashunkashey filed a petition for divorce in the district court of Osage county; that said district court had no jurisdiction for the reason that neither party was a resident of Osage county; that on October 6, 1930, said district court entered a judgment granting a divorce to the said Rosa Mashunkashey, and approved a property settlement theretofore made between the parties; that said decree was null and void for lack of jurisdiction over the parties; that plaintiff was thereby deprived of her right to the use of the homestead, which she alleges is of the value of $10,000; that she is entitled to have said divorce decree vacated and set aside as a cloud upon her title and right to the use of the homestead, accruing to her as a member of the family.

In her answer and cross-petition Rosa Mashunkashey likewise alleged that the divorce decree was null and void for lack of jurisdiction in the district court of Osage county.

In the case of Carson v. Carson, 141 Okla. 106, 283 P. 1015, this court held:

"Where a party files a verified petition for divorce and alimony in the district court of a certain county in which she sets forth jurisdictional facts as to residence, and thereafter procures a decree thereunder and accepts the benefits thereof, she will be estopped from thereafter challenging the jurisdiction of the court rendering the decree on the ground that she was not a resident of such county at the time of the filing of the petition and rendition of the decree."

It therefore appears that the trial court did not err in sustaining the demurrer to the answer and cross-petition of Rosa Mashunkashey.

The theory upon which plaintiff seeks to maintain this action is stated in her petition as follows:

"Fifth. Plaintiff further avers that at the death of the said Charles Mashunkashey, her stepfather, she was a minor and a member of the family of the said Charles Mashunkashey and the defendant Rosa Mashunkashey, her mother, and treated and regarded by both as such under the law and by virtue of a verbal agreement of adoption, and as such she and her mother resided in the property referred to herein, the same having been dedicated, set aside and theretofore claimed and used as a homestead for the family by all members, including the plaintiff, and at said time they were claiming and using the same as a homestead and as such, under the Constitution and laws of the state of Oklahoma, she had and has now rights and interest in said homestead and a right to use same as such in connection with her mother, and as a member of the family, partly by virtue of contributing to her mother's support, and that there is vested in her under the Constitution and law a property right which said purported divorce decree and judgment affects and clouds her title and right thereto so long as the same appears of record and is asserted as a valid decree and precludes her from the use thereof."

This contention is wholly without merit. Hembree v. Magnolia Pet. Co., 176 Okla. 524, 56 P. (2d) 851.

The judgment is affirmed.

BAYLESS, V. C. J., and BUSBY, PHELPS, and HURST, JJ., concur.