## NOLEN v. NOLEN.

No. 32138. March 19, 1946.

*167 P. 2d 68.*

Abernathy & Abernathy, of Shawnee, and John R. Woodard, of Tulsa, for plaintiff in error.

Reily & Reily, of Shawnee, for defendant in error.

PER CURIAM. On the 22nd day of February, 1944, Ross S. Nolen, petitioner, filed his application to vacate a decree of divorce entered in favor of respondent, Ellen Nolen, and against petitioner, on the 23rd day of August, 1943. Respondent demurred to the petition, the demurrer was overruled and the respondent then filed an answer and petitioner replied. On the 21st day of February, 1945, the case came on for hearing, respondent objected to the introduction of any evidence, and the trial court sustained the objection and dismissed the application. Petitioner appeals.

In the application to vacate the petitioner alleges that the respondent as plaintiff in the divorce action was not a resident of Pottawatomie county at the time the action was commenced and had never been a resident of Pottawatomie county, but had always been a resident of Tulsa county; that the petitioner as defendant in that action signed a waiver of the issuance of summons; and although it is stated therein that he received a copy of the petition, he never in fact received one; that the respondent perpetrated a fraud on the petitioner in that it was orally agreed between them that the petitioner should have the house in Tulsa, but that in the decree respondent received the house by alleging and offering evidence to sustain the proof that she owned the house as property acquired by her own efforts.

The petitioner argues that the decree is void or at least should be set aside, for fraud, for the reason that the respondent was a resident of Tulsa county and was never a resident of Pottawatomie county. Defendant cites and relies upon Fehr v. Black Petroleum Corporation, 103 Okla. 241, 229 P. 1048; Board of Trustees of Firemen's Relief and Pension Fund v. Brooks, 179 Okla. 600, 67 P. 2d 4; Beach v. Beach, 4 Okla. 359, 46 P. 514; Pope v. Pope, 116 Okla. 188, 243 P. 962; Anderson v. Anderson, 140 Okla. 168, 282 P. 335; and Burton v. Burton, 176 Okla. 494, 56 P. 2d 385. The first two cases can be eliminated because they bear no relation to the question involved. Beach v. Beach, Pope v. Pope, and Anderson v. Anderson, supra, involve appeals in divorce actions or proceedings where the question of fact was reviewed by the Supreme Court. In Burton v. Burton, supra, this court found that the husband had procured the wife, who was a resident of Cleveland county, to obtain a divorce in Oklahoma county and the court reversed the judgment of the trial court in refusing to set aside the divorce decree and held that the evidence disclosed coercion.

Respondent asserts that if her statement that she was a resident of Pottawatomie county was a fraud, it was a fraud to which petitioner consented and assisted in perpetrating when he signed the waiver of issuance of summons, after the case had been filed in Pottawatomie county. Without suggesting that either the petitioner or the respondent intended to perpetrate a fraud, we hold that after the signing of the waiver of issuance of summons with full knowledge that the action had been filed in Pottawatomie county petitioner stands in no position to question the decree, on the ground that the respondent was not a resident of Pottawatomie county. See, in this connection, Newman v. Newman, 27 Okla. 381, 112 P. 1007, and Stafford v. Williams, 180 Okla. 441, 70 P. 2d 97, and Carson v. Carson, 141 Okla. 106, 283 P. 1015.

It is a general rule that presenting fabricated evidence or perjured testimony upon a trial where the falsity might or should have been exposed and refuted is not such fraud in obtaining a judgment or decree as will warrant its nullification. Thornton v. Peery, 7 Okla. 441, 54 P. 649; Brown v. Trent, 36 Okla. 239, 128 P. 895.

It is next argued that the respondent perpetrated a fraud on the petitioner when she orally agreed that the house in Tulsa should belong to the pe-

titioner. An analysis of the cases cited will disclose that they do not sustain the rule.

In Donley v. Donley, 184 Okla. 567, 89 P. 2d 312, a woman signed a waiver after a statement by the plaintiff that the action was a divorce action when in fact it was an action in annulment. She never consented to a decree in an action for annulment. There was a misrepresentation as to the character of the action.

In Burton v. Burton, supra, relied upon, the court held that the facts disclosed coercion, as above stated.

In Burkdoll v. Burkdoll, 178 Okla. 392, 62 P. 2d 1266, plaintiff made a definite agreement that she would omit from the journal entry the adjusted property rights, in consideration of which the defendant made a definite agreement which the court found was fraudulently made to overreach the wife and deprive her of her property.

In the case at bar petitioner did not agree to remain away from the trial. Petitioner stands in no different position by reason of the execution of the waiver of issuance of summons than if summons had been served on him and he had defaulted or failed to prove the true facts. It is no ground for relief in equity that a judgment is wrong in law or in fact, or both, if the party complaining of it had an opportunity to and failed to make his defense. 17 Am. Jur. 374, Divorce, section 455. Annotations, Graham v. Graham, 54 Wash. 70, 102 P. 891, L. R. A. 1917B, page 409.

A party cannot have a judgment against him set aside without showing that he was unable, for some good reason sufficient to excuse his failure, to make a defense against the action. Clark v. Ramsey, 143 Ga. 729, 85 S· E. 869. An application of the husband to open a decree of divorce without offering adequate excuse for not appearing and defending in time is properly denied where there has been no collusion and no imposition on the court. Gabriel v. Gabriel, 86 N. J. E. 6, 97 Atl. 495; Roberts v. Roberts, 19 R. I. 349; White v. White (R.I.) 86 Atl. 552; Rouse v. Rouse, 47 Iowa, 422.

There was no error in sustaining the objection to the introduction of evidence, or in entering judgment for the respondent.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.