### Watts *v.* Watts.

[86 South. 353. No. 21279.]

Divorce. *Court may set aside divorce decree procured by fraud after adjournment of term.*

It is settled law in this state that fraud vitiates a judgment; and a court may set aside a judgment, procured by the fraud of a party in whose favor it is rendered, after the adjournment of the term. It is immaterial whether the fraud is attacked by original bill or by motion or petition.

Appeal from chancery court of Lamar county.

Hon. D. M. Russell, Chancellor.

Suit by E. P. Watts against Mrs. Susie Watts for divorce. Decree for plaintiff. Defendant filed a petition to have the decree set aside, and from an order overruling his demurrer thereto plaintiff appeals. Affirmed.

*W. J. Hatten* and *Rawls & Hathorn,* for appellant.

All of appellee's cited law in his brief, supports appellant's contention, which is that no decree or judgment can be set aside or vacated after the expiration of the term at which the same was rendered except by the filing of an original bill or petition in the nature of a bill of review, and this must be done by an independent proceeding, and cannot be done by the filing of a petition or motion for rehearing in the cause, over which the court has lost its jurisdiction after the adjournment of the term, except in the cases provided for by the statute, where a rehearing can be applied for within a prescribed time, and divorce decrees are excluded from this statute, Code 1906, sec. 570.

Appellee cites 23 Cyc., pages 902 and 903, for authority sustaining his contention that a rehearing can be granted him in this case, for call it what ever he pleases, his is purely a petition or motion for a rehearing.

We respectfully submit that Cyc as cited by appellee does not even intimate that this can be done by motion

or petition for a rehearing, but it does intimate, or rather expressly hold, that the only way it can be done is by a direct attack on the decree, and this all the authorities hold, must be done by separate bill or petition.

An examination of the cases cited by appellee under this citation from Cyc., shows clearly that our interpretation is correct. The case of *Brooks* v. *Love,* 3 Dana (Ky.), page 7, cited, where it was attempted to designate a bill similar to the petition at bar as a new suit, says but the court cannot regard the second bill as the commencement of a new suit. The original injunction was reinstated; the original suit was restored to the docket, and all the proceedings appear to be in continuation of the original suit, and, in effect a reopening of the original decree. It is the opinion of this court, that there was nothing in the case, to authorize the proceedings which were had in the suit, after the term at which the first decree was rendered. The decree of 1883 is reversed, and the cause is remanded with instructions to dismiss the second bill.

In *Babb* v. *Babb,* cited, 2 A. K. Marsh (Ky.) 240, the court says, it is clear the power of the court when it had rendered a final decree and discharged the parties at one term, and that term had ended without further order, ceased over the record, and the latter decree is clearly erroneous, if not irregular and void, and must be reversed and held for naught.

In *McMicken* v. *Perrin,* cited 14 Law Ed., page 504 (U. S. Court), the court again holds contrary to appellee's views holding "at a subsequent term the appellant filed a petition in the circuit court, alleging that he had been deceived by the appellee in reference to the prosecution of the bill and had consequently failed to make any appearance or answer, and that he had a meritorious defense. He prayed the court to set aside the decree, and to allow him to file an answer to the bill. This petition was dismissed. We concur in the judgment of the circuit court as to the propriety of this course. . . . This court in *Cameron* v. *McRoberts,* 3 Wheat 591, decided that the cir-

cuit courts have no power to set aside their decrees in equity, on motion after the term at which they were rendered. These decisions are conclusive of the questions raised upon the order dismissing the petition. The decrees of the circuit court are affirmed with costs."

The case of *Duncan* v. *Gerdine,* 59 Miss. 550, cited by appellee, was a direct and original chancery proceedings, attacking the validity of a judgment at law, and supports appellant's contention, that the attack must be by a separate and independent proceeding, and cannot be in the nature of a motion or petition for a rehearing.

Appellee's citation from Ruling Case Law, likewise supports appellant's contentions that the judgment or decree should be attacked by an independent action. Appellee frankly confessed that there is no statute in this state authorizing the proceeding which he has instituted in the case at bar, but says that *Harper* v. *Barnett,* 16 So. 533, is authority for his proceedings, in this case. We attempted to point out in our original brief the marked difference in that case and the case at bar. The Harper case was not a motion or petition to reopen or retry, if you please, an issue previously tried and determined, but was a motion made to correct an error in the judgment, either intentionally or unintentionally alleged to have crept into it.

The case of *Herring* v. *Sutton,* 86 Miss. 283, cited by appellee was an original suit in equity, to set aside an alleged fraudulent sale of lands in the foreclosure of a deed of trust.

The case of *Myer* v. *Whitehead,* cited in 62 Miss. 387, is not in point. In that case a judgment by default was rendered at what appears to be the return term, but the facts as developed were that the process was served on the defendant less than five days before the term of court at which the default judgment was taken, and the court properly vacated the judgment on motion and ordered a trial of the case on its merits for the jurisdiction of the court had not terminated at the term of court at which the

default judgment was given.  In fact it did not begin until
the next term as provided by statute, section 1525, Code
1880, and if executed (process) within five days before said
return day as was the case in *Myers* v. *Whitehead,* it shall
be good to require the appearance of the party at the term
next after that to which it is returnable. The case of *Weems*
v. *Vowell et als.,* cited by appellee in 84 So., page 249, is,
just as all other cases cited by appellee, a case where an
original suit in chancery was filed to vacate a judgment
or decree rendered in another action, because of an alleged
legal fraud.  It also supports our contention that the de-
cree in the case at bar can only be attacked by an inde-
pendent action.

We desire also to call the attention of the court to one
of the allegations of appellee's petition, wherein it is al-
leged that your petitioner further shows unto the court
that at the time of the filing of said suit, in the chancery
court of Lamar county, Mississippi, the said complainant
(E. P. Watts), was not a resident and citizen of Lamar
County, Mississippi, but was a resident of Jefferson Davis
County, Mississippi, and was likewise a resident of said
Jefferson Davis County, Mississippi, at the time the de-
cree was rendered in this cause, and this Honorable court
was therefore without jurisdiction to hear and consider the
said cause.

If the court was and is without jurisdiction to hear
said cause, and was without jurisdiction over the persons
of either appellant or appellee, or the subject-matter of
the action, it is certainly pertinent to ask, How can the
court reopen the case, and permit appellee to answer and
try the case on its merits?

*Hall & Hall,* for appellees.

We respectfully submit to the court, that the bill filed
in this cause by Mrs. Watts could be treated as a bill of
review, but it is wholly immaterial as to whether it is

treated as a bill of review or as a petition to vacate the fraudulent decree.

The bill is filed in the same cause which was originally instituted by the appellant for divorce; it alleged fraud and deceit and prayed for affirmative relief, and prayed for process and process was granted and issued and was served on the appellant and required him to plead, answer or demur. This process does not appear in the bound volume of the supreme court record but it does appear in a supplement thereto on a separate sheet duly certified to by the clerk of the chancery court, which will be seen, loose in the record by reference thereto.

The bill contains all of the necessary allegations for a bill of review and measures up to the requirements. But conceding only for the sake of argument that the said bill could not be treated as a bill of review, we submit with respect that it would be wholly immaterial, for the reason that the decree for divorce entered by the chancery court was fraudulent and void, and the same could be vacated on a petition, the same as on a bill of review.

For the purpose of this hearing, all of the allegations of the said bill as to fraud, deceit and corruption are confessed to be true, and it is confessed for the purpose of this hearing that the said decree for divorce was obtained by fraud and deceit, and that it is void.

In the recent case of *Weems* v. *Vowell,* decided by that honorable court of April 26, 1920, 84 So. 249, which appears in the advanced sheet of June 12, 1920, this court said: "A judgment or decree obtained by fraud is void, and may be cancelled or enjoined in a court of equity."

We are aware that as a general rule, a motion or a petition to set aside a judgment will not lie after the adjournment of the term at which the judgment or decree was entered, but there is a well recognized exception to this general rule. When a judgment or decree is obtained by fraud, the general rule will not apply, but the exception applies, and where a party obtains a decree by fraud, the said decree may be vacated and set aside at a subsequent

term of the court, whether on a bill of review, or bill or petition, impeaching the decree for fraud.

The following rule is laid down in 23 Cyc., pages 902 and 903: "As a general rule, in the absence of statutory provisions to the contrary, no court possesses authority to vacate or set aside its final judgment after the expiration of the term. And a similar rule applies to decrees in equity; courts of chancery cannot open a final decree after the end of the term, unless upon a bill of review, or bill or petition impeaching the decree for fraud." The foregoing rule is laid down in the following cases; *Brooks* v. *Love,* 3 Dana (Ky.), page 7; *Bobb* v. *Bobb,* 2 A. K. Marsh (Ky.) 240; *McMicken* v. *Perin,* 18 How. (U. S.) 507, 15 L. Ed. 504.

The following rule is laid down in 23 Cyc., at page 905: "Where a judgment is entirely void for want of jurisdiction the power to vacate it or set it aside is not limited to the term at which it was rendered, but may be exercised at a succeeding term. And this applies as well to a want of jurisdiction of the subject-matter as to a lack of jurisdiction over the parties."

In this case, the honorable chancery court did not have jurisdiction of appellee on account of the fraud that was perpetrated by the appellant. Section 337, of Hemingway's Mississippi Code, required the appellant to state the address of the appellee in his bill for divorce; he knew her address as the demurrer admits, and corruptly and fraudulently concealed the same, from the court, and thereby prevented a copy of the process from being mailed to her at her postoffice address, and the said honorable chancery court therefore had no jurisdiction to enter the fraudulent decree which is sought to be vacated by this proceeding. She was not lawfully in court when the decree was entered.

We respectfully submit that the appellee in this case was entitled to have a copy of the process mailed to her and was entitled to have notice of the pendency of the suit, Section 2927 and 2928, Hemingway's Code, and that

no notice thereof was given her, although it is confessed that the appellant well knew her postoffice address and place of residence, and without the notice required by law, being given, and without appellee being lawfully in court, the honorable chancery court was without jurisdiction to render the decree of divorce entered by it. *Duncan* v. *Gerdine,* 59 Miss. 550; *Myer Brothers* v. *Whitehead,* 62 Miss. 387.

In 15 Ruling Case Law, under the subject of Judgments, at section 144, we find the following rule: "Numerous decisions affirm that courts also have the inherent authority to vacate their judgments, whether the term has lapsed or not, for fraud practiced in their procurement, though there are authorities which hold that in such cases, when a term at which a final judgment has been entered has expired, and there is no statute authorizing a party to apply for relief by motion after that term, he should be required to attack the judgment by an independent action brought for that purpose."

We have no such statute in this state, but this honorable court has expressly announced the following rule in the case of *Harper* v. *Barnett,* 16 So. 533 (Miss.): "The trial court has inherent power to vacate, after the term, a judgment obtained by fraud, or not in accord with that intended to be entered."

And again, in the case of *Herring* v. *Sutton,* 86 Miss. 283, this court said: A court of equity in the exercise of a broad discretion, should see that wrong and oppression are not inflicted under the guise of legal procedure, but that justice is done as the very right of each case may demand."

We therefore submit that the honorable chancery court had the inherent power to vacate and set aside the fraudulent decree in this case, and that it is wholly immaterial whether the proceedings for this affirmative relief be by bill of review, or bill, or petition or motion, as announced in 23 Cyc., at page 903.

The cases cited by the learned counsel for the appellant have no application to this case, for the reason that they come within the general rule and as previously stated, where a judgment or decree is obtained by fraud, the general rule does not apply, and the court has the inherent power to vacate it at a subsequent term, and there is no dispute that the appellant in this case resorted to the most corrupt kind of fraud, in order to obtain the decree which is sought to be vacated and under the authorities which we have stated the learned chancellor was eminently correct in overruling appellant's demurrer, and we submit with respect, that the decision of the chancery court should be affirmed and this case remanded for a further hearing.

ETHRIDGE, J., delivered the opinion of the court.

The appellant filed a bill for divorce from the appellee in the chancery court of Lamar county, alleging that the appellant was a citizen of Lamar county, and that the defendant, when last heard from, was in the state of Alabama; that the complainant and defendant were married at Almedia, in the state of Alabama, on April 28, 1907, and lived together until February, 1918; that he, the complainant, was a model husband, but that the defendant treated him in a cruel and inhuman manner, and that he separated from her on account thereof; that he is not fully advised, but believes, the defendant was never divorced from her first husband. The bill did not set out the residence and post office address of the defendant, and the affidavit thereto did not state that diligent inquiry had been made to ascertain such post office address. On the filing of this bill publication was made for the defendant as a defendant whose post office address is unknown. A decree of divorce was granted on the 17th day of June, 1919. On the 29th day of August, 1919, the defendant, Mrs. Susie Watts, filed her petition in the above styled and numbered suit to have the decree therein granted set aside for fraud practiced upon her and upon the court by the complainant in securing such decree of divorce,

alleging that at the time of the filing of said bill by the complainant he well knew her address, and that she was living in the home of the complainant, and that both before and after the filing of the bill he was in correspondence with her, and sent her some money after the filing of the bill, but never let her know he contemplated a suit for divorce, but fraudulently concealed the same from her, and fraudulently kept a notice or summons from being mailed to her, as required by statute. That the allegations of the bill were false and fraudulent, and that the real reason for wanting the divorce was to marry a named person, with whom he had been maintaining adulterous relations, which person was then in trouble on account thereof, attaching a letter from said person, which letter disclosed said facts. This letter is a rather salacious document, reminiscent of past delights of illicit love and portentous of future trouble as the fruit thereof. The complainant filed a demurrer to the petition to set same aside for fraud on the ground, mainly, that the term of the court had adjourned at which the decree was rendered, and that the court had no power to act on said matter, except through an original bill in the nature of a bill of review, and that it could only set aside a decree for matters appearing on the face of the record after the passing of the term. The chancellor overruled the demurrer, and granted an appeal to settle the principles of the cause.

The demurrer admits the truth of the allegations of defendant's petition and the petition clearly shows fraud of the most vicious kind. It is settled law in this state that fraud vitiates a judgment. *Harper* v. *Barnett,* 16 So. 533; *Cotten* v. *McGehee,* 54 Miss. 621; *Le Blanc* v. *I. C. Railroad Co.,* 73 Miss. 463, 19 So. 211.

We do not think it makes any difference whether the attack for fraud is made by original bill, or whether made by petition or by motion. The court looks to the substance of things, rather than to mere names, and will not permit a person practicing fraud to benefit by his fraudulent act.

*Affirmed.*