MYERS *v.* CLARK, et al.

In Banc.  Nov. 14, 1949

No. 37221  (42 So. (2d) 817)

**Ben Stevens** and **L. Barrett Jones**, for appellant.

Melvin & Melvin, and **C. C. Smith,** for appellee, **J. C. Clark.**

634

**Watkins & Eager,** for the other appellees.

**McGehee, C. J.**

This appeal is from a vacation decree setting aside a former decree which had been rendered in vacation in the cause. The suit was brought by the appellant, Harvey Myers, to cancel as clouds upon his title to forty acres of land a tax sale thereof to the state, a forfeited tax land patent from the state to the appellee, Julius C. Clark, a deed of conveyance from the said patentee in favor of George C. Schoonmaker of a one-fourth undivided interest in the oil, gas, and other minerals in the land, and an oil and gas lease in favor of the Sinclair Wyoming Oil Company on the ground of the alleged invalidity of such tax sale, patent, and the subsequent sales made pursuant thereto. The defendants denied in their answer that the tax sale was void and plead the bar of the limitation under Chapter 196, Laws of 1934, Section 717, Code of 1942, against the bringing of the suit.

When the cause came on for trial on the 31st day of May, 1948, at the regular term of the Court, the attorneys of record for each of the respective litigants became advised that the complainant and the defendant, Julius Clark, had agreed upon a compromise and a settlement

of the suit under such terms as would leave in full force and effect the mineral deed in favor of the defendant, Schoonmaker, and the oil and gas lease in favor of the defendant, Sinclair Wyoming Oil Company, the complainant Myers having agreed to execute the proper instrument so as to fully ratify and confirm the said conveyances.

This appeal arises out of a disagreement between the complainant Myers and his attorney and the defendant Clark and the attorneys representing him and the other defendants, as to what the defendant Clark was to get out of the agreed compromise and settlement of the case, the latter contending that the said Clark was to keep the land and one-fourth of the minerals, and that the oil and gas lease was to be ratified and confirmed by the complainant as written, which lease by its terms made the annual rentals thereunder payable to Clark, whereas the complainant Myers contends that the compromise and settlement had contemplated the cancellation of the tax sale and patent so as to vest in him the title to the land, and all the minerals, subject to the interest of Schoonmaker therein, and subject to the oil and gas lease in favor of Sinclair Wyoming Oil Company, and that he was to receive the rentals under the oil and gas lease.

The rendition of the final decree was postponed at the regular term of the court until the State Land Commissioner could be made a party to the suit, and with the result that when this had been done a final decree was rendered in the cause on June 18, 1948, in vacation, but which did not embrace the agreement as understood by the defendant Clark, his attorneys, and the attorneys representing the other defendants. Consequently, a petition was presented to the chancellor on June 25, 1948, to set aside the decree of June 18th for the reason that it adjudicated the owership of the land and all the minerals to be in the complainant Myers, subject to the mineral deed and the oil and gas lease aforesaid, and contained the provision that the complainant Myers was

to ratify and confirm the said instruments then outstanding. By the terms of the decree as rendered, the defendant Clark was bereft of any claim or interest in the land and minerals which he had asserted in his answer to the lawsuit, and of all interests that he claimed he was to receive in virtue of the compromise and settlement of the case.

The hearing on the rendition of the decree in vacation was postponed from June 11th to June 18th with due notice to the attorney for defendants other than Clark. Copies of the decree of June 18th were furnished to the attorneys for the defendants prior to June 11th, and it would seem that the complainant Myers did not make a full disclosure to his attorney of the terms of the settlement which is alleged to have been agreed upon with the defendant Clark, since his attorney testified at the hearing of the motion to set aside the decree that he had no knowledge of the terms of the agreement between his client and the defendant Clark at the time of the conferences, which lead up to the signing of the decree of June 18th, but the testimony of the several attorneys in the case and of their clients is in conflict as to what they all understood. But it is also contended by one of the attorneys for the defendant Clark that he was assured on the morning of June 11th by counsel for the complainant that whatever agreement had been made between Myers and Clark as to a settlement would be carried out, and hence the attorneys for Clark did not appear before the chancellor on that day.

The matter of the signing of the decree was thereupon delayed until June 18th, and of which date for the presentation of the decree to the chancellor due notice was given to the attorneys for the other defendants but not to the attorneys for Clark.

On June 8th the chancellor signed the decree as being "in the nature of a consent decree" thinking that it embodied the real agreement between the parties. After the signing thereof, and when the attorney for the defend-

ants other than Clark undertook to procure the execution of the necessary instruments for the ratification and confirmation of outstanding mineral deed in favor of Schoonmaker and the oil and gas lease in favor of Sinclair Wyoming Oil Company, he learned from Clark that he and the complainant Myers were in disagreement as to the terms of the compromise and settlement that was to be made, and that Clark therefore objected to the decree as signed. Hence, this attorney on behalf of his clients joined in the petition with Clark and his attorneys to have the decree set aside. Upon the presentation of the petition in that behalf on June 25th, the hearing thereon was postponed to July 2nd and then to July 9th without objection from any one, when the chancellor after hearing the testimony of all of the attorneys and their clients reached the conclusion that the decree should be set aside and that the cause should be reinstated on the court docket the same as if no decree had been rendered. This was accordingly done, and on this appeal the appellant Myers has challenged the power and authority of the chancellor to set aside in vacation the final decree rendered on June 18th in vacation.

Section 1228, Code of 1942, as amended by Chapter 274, Laws of 1946, conferred upon the chancellor the right to try any such cause, deliver opinions, and make and sign decrees therein in vacation. The case of Ex parte Stanfield, 98 Miss. 214, 53 So. 538, is authority for the proposition that a chancellor may not in termtime set aside a final decree rendered in vacation in the removal of disabilities of minority on the ground that such final decree was improvidently rendered, but the case is not authority against the contention of the appellees that a chancellor has authority to set aside a purported final decree where the same has been rendered by him under a mistaken belief that it represents the true understanding and agreement of the parties as to a compromise and settlement of the case.

In the case of Watts v. Watts, 123 Miss. 812, 86 So. 353, it was held to be well-settled law in this state that a judgment or decree, procured by the fraud of a party in whose favor it is rendered, may be set aside after the adjournment of the term, and that it is immaterial whether the fraud is attacked by original bill or by motion or petition. If the complainant Myers was guilty of fraud, either in fact or in law, in failing to disclose to his attorney the true agreement between himself and the defendant Clark, or if the decree complained of was rendered because of a mistake or misunderstanding among the parties as to what the decree should be, and it seems that such was the case, the chancellor had authority when so finding to set the same aside. Griffith's Mississippi Chancery Practice, Sections 633, 642, and 644. ▆▆ There was abundant testimony, given by the defendant Clark and three attorneys to warrant such a finding as a basis for setting aside the decree on the ground that it did not represent the real agreement reached between him and the defendant Clark, as stated by them at the conference when at least the attorneys for the defendants were present. In any event we would not be justified in holding that the chancellor was manifestly wrong in such finding.

The decree of the chancellor setting aside the purported final decree and reinstating the cause on the docket as a triable case must therefore be affirmed and the cause remanded.

Affirmed and remanded.