**WARFIELD et al. v. MARKS et al.**
**MARKS et al. v. WARFIELD et al.**
No. 13536.

United States Court of Appeals,
Fifth Circuit.
July 7, 1951.

L. E. Gwinn, Memphis, Tenn., for appellant and cross-appellee.

E. L. Brunini, Vicksburg, Miss., S. B. Laub, Charles F. Patterson, Natchez, Miss., P. H. Eager, Jr., Jackson, Miss., M. M. Roberts, Hattiesburg, Miss., for appellee and cross-appellant.

Before HOLMES, BORAH, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This is an action seeking, *inter alia,* to cancel a consent decree in a cause in the Chancery Court of Adams County, Mississippi. Federal jurisdiction is predicated solely upon diversity of citizenship, but it appears upon the face of the complaint that one of the plaintiffs, Mary Cook Smith, is a citizen of Ohio; and that one of the defendants, Sohio Petroleum Company, is an Ohio corporation. *Prima facie,* this is sufficient to defeat federal jurisdiction. Realizing this, after being confronted with a motion to dismiss their suit for want of jurisdiction, the plaintiffs moved to amend their complaint so as to eliminate the Sohio Petroleum Company as a party defendant.

The court below overruled the plaintiffs' motion to amend, holding that Sohio Petroleum Company was an indispensable party to this action, since it was a party to the judgment that was sought to be set aside because fraudulently obtained. The district court also held that, if it had jurisdiction, this cause should be dismissed, on the ground of comity, for the reason that the state-court case is still pending if the judgment was obtained by fraud, citing Griffith's Chancery Practice, Section 622, 633, 644, and 645; Myers v. Clark, 207 Miss. 627, 42 So.2d 817.

Both sides have appealed from the judgment, the appellants from the parts thereof denying plaintiffs' motion for leave to amend and dismissing the suit for lack of jurisdiction, the appellees from that portion which denied the defendants' alternative motion for a summary judgment. Our determination will be confined to the jurisdictional issue, which depends upon the indispensability of Sohio as a party litigant. The requisite diversity existed as to all adversary parties except Mary Cook Smith and the Sohio Company, neither of which is a mere nominal party. Sohio holds a mortgage on the land, which would be materially affected if its mortgagors' title were invalidated; it was also a party to the judgment, the setting aside of which would destroy one of its muniments of title. In Calcote v. Texas Pacific Coal & Oil Co., 5 Cir., 157 F.2d 216, 167 A.L.R. 413, certiorari denied, 329 U.S. 782, 67 S.Ct. 205, 91 L. Ed. 671, this court held that the question of indispensable parties is primarily a matter of equity jurisprudence, and sometimes of due process of law, but that the bringing in of such parties may present a federal jurisdictional question if federal jurisdiction depends wholly on diversity of citizenship.

This means that the question of indispensable parties in the federal courts is often inherent in the issue of federal jurisdiction; but that where the controversy may be determined without prejudice to the rights of absent parties who are beyond the court's jurisdiction, or whose presence would defeat federal jurisdiction, it will be done; and it is said that a court of equity will strain hard to reach that result; but here there is no question of an absent party beyond this court's jurisdiction, and

it does not clearly appear that the controversy may be determined without prejudice to the rights of the party who is sought to be eliminated by the amendment. In this case, the party is in court, and there is no reason for a court of equity to strain hard to find a way to adjudicate the merits of a controversy in the absence of a party which is not only within the jurisdiction of the court, but which has been made a defendant by the plaintiffs; which has come in and plead, and objects to being eliminated if the case is to be heard on its merits. A consent judgment is often regarded as an instrument contractual in nature and entitled to protection, the same as a contract, where rescission is concerned. Since fraud vitiates everything it touches, it would be impossible to cancel this judgment on the ground of fraud as to everyone except the Sohio Petroleum Company, and leave it intact as to said company. No decree can be entered in accordance with the prayer of the complaint without annulling the vested rights that were created by the entry of the judgment. Whatever rights were acquired by virtue of the judgment, when it became final, vested *in praesenti.*

In Shields v. Barrow, 17 How. 130, 140, 15 L.Ed. 158, the court said that, if only a part of those interested in the contract are before the court, a decree of rescission must either destroy the rights of those who are absent, or leave the contract in full force as respects them, while setting it aside and restoring the contracting parties to their former condition as to those before the court. To this the court added: "We do not say that no case can arise in which this may be done; but it must be a case in which the rights of those before the court are completely separable from the rights of those absent, otherwise the latter are indispensable parties." Barney v. City of Baltimore, 6 Wall. 280, 18 L.Ed. 825, where part owners or tenants in common of real estate were held to be indispensable parties to a partition suit, is to the same effect. See also Torrence v. Shedd, 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528. In Roos v. Texas Co., 2 Cir., 23 F.2d 171, certiorari denied, 277 U.S. 587, 48 S.Ct. 434, 72 L.Ed. 1001, the court said, at page 172 of 23 F.2d:

"Rescission of a contract, or declaration of its invalidity, as to some of the parties, but not as to others, is not generally permitted", citing, among other cases, Vincent Oil Co. v. Gulf Refining Co., 5 Cir., 195 F. 434. See Mallow v. Hinde, 12 Wheat. 193, 198, 6 L.Ed. 599; Barney v. Baltimore, 6 Wall. 280, 73 U.S. 280, 18 L.Ed. 825; Harwood v. Railroad Company, 17 Wall. 78, 84 U.S. 78, 21 L.Ed. 558; Sioux City Terminal R. & W. Co. v. Trust Co. of N. A., 8 Cir., 82 F. 124, affirmed, 173 U.S. 99, 19 S.Ct. 341, 43 L.Ed. 628; Chicago, M., St. P. & P. R. Co. v. Adams County, 9 Cir., 72 F.2d 816; Ray v. Carr, 71 App.D.C. 37, 107 F.2d 238; Keegan v. Humble Oil & Refining Company, 5 Cir., 155 F.2d 971; Lloyd's Estate v. Mullen, etc., Co., 192 Miss. 62, 4 So.2d 282, 288; Armstrong v. Bell, 199 Miss. 29, 24 So.2d 10, 12; Koenig v. Calcote, 199 Miss. 435, 25 So.2d 763, 765.

Since the defendants' motion for a summary judgment was in the alternative, and since we have determined that there was no federal jurisdiction of this suit, there is no occasion, and it would not be proper, for us to deal with the motion for a summary judgment. Accordingly, the judgment appealed from is affirmed.

Affirmed.