**MACKINTOSH et al.**

v.

**MARKS' ESTATE et al.**

Civ. No. 3559.

United States District Court,
W. D. Louisiana, Monroe Division.

April 14, 1954.

---

Samuel J. Tennant, Jr., New Orleans, La., Dhu Thompson, Monroe, La., for plaintiffs.

Madison, Madison, Files & Shell, Bastrop, La., Lemle & Kelleher, New Orleans, La., E. Leland Richardson, Baton Rouge, La., Sholars, Gunby & Guthrie Monroe, La., for defendants.

DAWKINS, District Judge.

The complaint was filed December 13, 1951, for the cancellation of a compromise agreement dated June 26, 1940, between certain persons based upon a charge that Henry M. Marks, now deceased, had fraudulently "conspired with certain agents of the California Company to divest claimants of the land and most of the minerals" of certain described properties. The defendants were the estate of said Marks, John Dale, Jr., Philip Watson, Thomas M. Wade, Jr., Mrs. Kate LaCour Wade and The California Company. The prayer of the petition was as follows:

"Wherefore, your complainants demand to have cancelled and set aside the contract, grant, agreement and act of compromise dated June 26, 1940 which is recorded in Book BB at page 525 of the records of Tensas Parish, Louisiana and to have restored to them, in their proper proportions, the property described in paragraph 3 of this complaint together with the one half of the minerals thereunder. They demand from Henry M. Marks all royalties which have been paid by The California Company under the lease agreement dated June 26, 1940 recorded in Book BB, page 528 of the records of Tensas Parish, Louisiana, together with legal interest thereon from the date of each payment. They demand of John Dale, Jr. the property and minerals purportedly conveyed to him under the transfer dated October 15, 1941 recorded in Book JJ, page 655 of the records of Tensas Parish, Louisiana and to have cancelled from the records the said instrument, together with all royalties which might have been paid to him and with legal interest thereon from the date of each payment until paid; they demand of Thomas M. Wade, Jr. the property and minerals purportedly conveyed to him under the transfer dated October 15, 1941 recorded in Book MM, page 222 of the records of Tensas Parish, Louisiana, and to

have cancelled from the records that said instrument, together with all royalties which might have been paid to him thereunder, with legal interest thereon from the date of each payment until paid. Complainants demand of Philip Watson the property and minerals purportedly conveyed to him under the transfer dated January 6, 1946 recorded in Book MM, page 165 of the records of Tensas Parish, Louisiana and to have cancelled from the records that said instrument, together with all royalties which might have been paid to him thereunder with legal interest thereon from the date of each payment until paid. Complainants demand of Mrs. Kate LaCour Wade the property transferred under the instrument dated March 11, 1946 recorded in Book MM, page 295, of the records of Tensas Parish, Louisiana and to cancel that said instrument insofar as it affects the property described in this complaint together with any royalties which might have been paid to her on this property and with legal interest thereon from the date of each payment until paid. Complainants demand the cancellation of the oil, gas and mineral lease dated June 26, 1940 recorded in Book BB, page 529 of the records of Tensas Parish, Louisiana and demand the value of all minerals which have been produced and extracted from the said property, together with legal interest thereon from the date of production, subject only to the actual cost of drilling and of production; that in the event that it is impossible for any of the defendants to return the interest which was conveyed to them, your complainants demand the value of the said interest. That in addition thereto that your complainants demand reasonable attorney fees and exemplary damages in the amount of $100,000.00."

On January 1, 1952, plaintiffs filed an amended complaint making Mrs. Emma Marks, "widow and executrix of the estate of Henry M. Marks, party and praying that all pleadings 'herein' be served on her."

Many other preliminary pleas were filed and considered and thereafter answers and special pleas were filed as follows: On April 24, 1952, by the California Company, April 29th by Philip Watson, answer and special pleas by John Dale, Jr., and on May 29th an answer was filed by the estate of Henry M. Marks by Mrs. Emma M. Marks, executrix.

Further proceedings were had and on March 26, 1953, motions for summary judgment were filed by defendants Wade, Wade, and Dale, on the 27th by California Company and on the 31st by Watson.

On April 3, 1953, a pre-trial hearing was had at which certain stipulations, depositions and documents were filed and by agreement, pleas to the jurisdiction and motions for summary judgment were set down for April 15, 1953. In the meantime supplemental pleas of non joinder and want of jurisdiction were filed by Watson and for summary judgment by Emma M. Marks, administratrix of the estate of Henry M. Marks.

On April 15th by agreement, all motions and pleas were submitted "on documentary evidence to be filed by each side * * * and on briefs to be filed by defendants within 15 days after the documentary evidence is filed and by the plaintiffs 15 days thereafter."

On June 16th the California Company filed another motion to compel joinder of "indispensable parties" and dismiss for lack of jurisdiction and on the 29th of that month the defendants filed a "folder * * * containing exhibits in support of motions to dismiss for non joinder of indispensable parties and want of jurisdiction."

July 1, 1953, defendants' brief was filed with the Clerk. Plaintiffs had failed to file a brief and early in March, 1954, the court directed the clerk to advise their counsel that such briefs should be filed in ten days and that the record, at the end of that time, should be sent to the Judge. The record was mailed to the court on March 24th, following. Plaintiffs have not as yet filed any brief.

In the original complaint, the plaintiffs, Mackintosh and his wife; Dora Bryant James, widow of Guy R. James; Bryant James; Edward C. James and Mrs. Emily Lee Graham were alleged to be citizens of Texas; and Mrs. Amanda Graham Smith, Mrs. Nannie Sadler Graham, Henry E. Graham and Rolla E. Graham were alleged to be citizens of Missouri. The complaint also alleged that defendant Henry M. Marks, deceased, his widow, Emma Moses Marks were citizens of Mississippi; and that John Dale, Jr., Philip Watson and Mrs. Kate LaCour Wade were citizens of Louisiana; that Thomas M. Wade, Jr., was a citizen of Colorado and The California Company was a citizen of California. The amount necessary to give jurisdiction to this court was also alleged.

Taking up the answer and pleas therein contained of Thomas M. Wade, Jr., which is typical of all, it is not disputed that the land and mineral interest involved were situated in the Parish of Tensas in this District. The cause of action is one to annul a compromise agreement alleged to have been entered into on June 26, 1940, and a mineral lease executed at the same time by Guy R. James, Dora B. James, R. D. Mackintosh, Mrs. Alice Mackintosh, Emily Lee Graham, Charles L. Graham and Amanda G. Smith and Henry M. Marks, citizens of the states as recited above. In the compromise agreement the parties named declared that it was their purpose and that they did thereby convey "as a quitclaim without warranty * * * except as to their own acts and deeds, certain tracts of land in Tensas Parish" to an unnamed vendee. However, the document recites that "in consideration of said conveyance the vendee * * * does by this act sell * * * and quitclaim, without warranty * * * except as to their own acts * * * with full subrogation and substitution * * unto the vendors in the proportion hereinafter set out, their heirs and assigns all his right, title, interest and claim to * * * their undivided one-half interest of all oil, gas and other minerals in, under and that may be produced from hereinabove described land and mineral rights * * *."

Other stipulations unnecessary to mention were included in the compromise agreement and it ended with the following declarations:

"The true intent and purpose of this act is that by this instrument of contract, grant, and act of compromise the vendee, insofar as the vendors are concerned, is recognized and declared to be the owner of the fee simple title to the above described land, subject to the ownership by the vendors of an undivided one-half of the oil, gas and other minerals in, under and that may be produced from said land as hereinabove provided.

"*All the agreements and stipulations herein contained shall inure to the benefit of and be binding upon the heirs, successors and assigns of the parties hereto.*" (Emphasis by the writer.)

This agreement was signed by the parties above named on various dates, apparently as the document reached them, and by Henry M. Marks, "vendee" on the 26th of July, 1940.

On the same day a mineral lease was executed by the named vendees and thereafter interests in minerals and royalties were conveyed to numerous persons, including citizens of Texas, Mississippi and Missouri as shown in the motion of The California Company, which is similar in all material respects to that of Wade, to wit:

Harold A. Burt
309 South Crestway
Wichita, Kansas

Wilton R. Dale
Vidalia, Louisiana

Mrs. Nan M. Hairs
c/o Ernest Mackintosh, Auditor
Suite 421 Reliance Building
Kansas City, *Missouri*

T. E. Mackintosh
423 Reliance Building
Kansas City, *Missouri*

Sue Dale Newton
Vidalia, Louisiana

Dorothy Dale Reeves
Vidalia, Louisiana

L. L. Sugar
1033 Giddens Lane Building
Shreveport, Louisiana

Renza Dale Schiele
c/o L. D. Dale
Vidalia, Louisiana

Joseph Stein
P. O. Box 277
Jay's
Greenville, *Mississippi*

I. F. Betts
c/o The American National Bank of
    Beaumont
Beaumont, *Texas*

Alma Dale Campbell
Vidalia, Louisiana

J. Balfour Miller
Natchez, *Mississippi*

L. D. Dale
Vidalia, Louisiana

Camille Rogers Martin
Vidalia, Louisiana

Nemours Corporation
1090 Dupont Building
Wilmington, Delaware

John Dale, Jr. and L. D. Dale
Trustees for Susie Camille Rogers
Vidalia, Louisiana

Sabine Royalty Corporation
603 Southland Life Building
Dallas 1, *Texas*

H. C. Skidmore
P. O. Box 188
Shreveport, Louisiana

Guy A. Thompson, Trustee
Missouri Pacific R. R. Co., Debtor
Missouri Pacific Building
St. Louis 3, *Missouri*

John Dale III
Vidalia, Louisiana

Ralph A. Johnston
1423 Esperson Building
Houston, *Texas*

Estate of E. A. Showers
523 City National Bank Building
Houston, *Texas*

Mrs. Elizabeth Showers
523 City National Bank Building
Houston 2, *Texas*

E. P. Wingfield
6626 Del Norte Lane
Dallas, *Texas*

Mrs. Owen W. Wade
720 South Garfield Street
Denver 9, Colorado

William G. Johnston
2409 First National Building
Oklahoma City, Oklahoma

Documentary evidence was submitted to establish these transfers.

■ If these parties are brought in, their claims would be based on the same compromise agreement and lease, since they acquired from either the vendor or vendees, lessors or lessees. If those from Mississippi, Missouri and Texas chose to join the plaintiffs, the result would be that an annulment of the two contracts would have the effect of carrying with it the destruction of their interest. On the other hand, if they decided to defend and resist the plaintiffs' demands, they would have to be arrayed as defendants, with the result that as to some ten or eleven, the action would nec-

essarily be between citizens of these same states, which, of course, would deprive this court of jurisdiction. Jurisdiction rests solely upon diversity and all plaintiffs must be citizens of states other than those of all defendants.

My conclusion is that the persons named, are indispensable parties, for the reason that their interests would be vitally affected by a judgment annulling the compromise and lease which plaintiffs demand.

See Rule 23, Federal Rules of Civil Procedure, 28 U.S.C.A., Calcote v. Texas Pacific Coal & Oil Co., 5 Cir., 157 F.2d 216, 167 A.L.R. 413, certiorari denied, 329 U.S. 782, 67 S.Ct. 205, 91 L.Ed. 671; Kentucky Natural Gas Corporation v. Duggins, 6 Cir., 165 F.2d 1011; Warfield v. Marks, 5 Cir., 190 F.2d 178, certiorari denied, 342 U.S. 887, 72 S.Ct. 176, 96 L.Ed. 665.

The complainants will, therefore, be required to make all persons having or claiming any interest in the lands, mineral leases or royalties in the property involved parties to this suit within a period of twenty days, and in default thereof, the case will stand dismissed.