290 So.2d 631 (1974)
Robert Duval ROGERS
v.
Mrs. Minnie Cornelia ROGERS, Individually and Robert D. Rogers, Jr., as Conservator.
No. 47374.
Supreme Court of Mississippi.
February 18, 1974.
Rehearing Denied March 18, 1974.
James B. Everett, Decatur, D.M. Anderson, Newton, L. Arnold Pyle, Jackson, for appellant.
McLaurin & Nicols, Brandon, Dannye L. Hunter, Forest, for appellees.
ROBERTSON, Justice:
On February 16, 1972, Mrs. Minnie Cornelia Rogers, through her conservator, Robert D. Rogers, Jr., filed suit for separate maintenance against Robert Duval Rogers in the Chancery Court of Scott County. In her bill of complaint, she admitted that a divorce had been granted Rogers on July 23, 1971, by the Circuit Court of Baldwin County, Alabama, but Complainant alleged that the decree granting the divorce was void because the waiver of process signed by Mrs. Rogers on July 20, 1971, was procured through fraud, in that she was not mentally competent to sign a waiver, and that a fraud had been thus *632 perpetrated both on her and on the Alabama Court granting the divorce.
Defendant's principal contention was that the divorce decree rendered by the Alabama Circuit Court in Equity was valid on its face, was entitled to full faith and credit under the United States Constitution, and was not subject to collateral attack in the courts of Mississippi.
After a full hearing, the Chancery Court awarded her $850.00 per month as separate maintenance, $750.00 for the services of her attorney in that Court, and attached a lien to the 1/6th mineral interest in lands in Scott County owned by defendant to secure the payment of separate maintenance. The Chancellor specifically found that the waiver of process was fraudulently obtained on July 20, 1971, when Mrs. Rogers was mentally incompetent; that this action constituted a fraud both upon Mrs. Rogers and upon the Alabama Circuit Court, and that the degree awarding Rogers a divorce was not entitled to recognition under the full faith and credit clause of the United States Constitution.
Mrs. Minnie Cornelia Rogers and Robert Duval Rogers were lawfully married in Rankin County, Mississippi, on September 18, 1927. They had four children, all of whom are adults. They lived near Morton in Scott County, Mississippi, until 1965, when they moved to Spanish Fort, Alabama, and established a residence there.
After almost forty-four years of marriage, on July 23, 1971, appellant filed a one page bill of complaint for divorce in the Equity side of the Circuit Court of Baldwin County, Alabama. He was granted a divorce on the same day. The Answer and Waiver of Process of Mrs. Rogers was on a printed form, and the printed acknowledgment recited:
THE STATE OF ALABAMA, BALDWIN COUNTY.
Before me ____ the undersigned authority in and for said State and County, hereby certify that MINNIE B. ROGERS, whose name is signed to the foregoing answer to a certain Bill of Complaint filed on the ____ day of ____, A.D. 19__, wherein ROBERT D. ROGERS is complainant and MINNIE B. ROGERS is defendant, and who is known to me to be the identical person named as defendant in the Bill of Complaint in this cause, acknowledged before me on this day that being informed of the allegations on the Bill of Complaint filed against the defendant in said cause, said defendant signed the answer hereto attached voluntarily on the day same bears date.
And I further certify that defendant signed the said answer in my presence.
Given under my hand and seal this 20th day of July, A.D., 1971.
 /s/ Frankie H. Wilson
 NOTARY PUBLIC
Typed on the bottom of the bill of complaint was "John V. Duck Solicitor for Complainant." The Commission to Take Depositions (also on a printed form) appointed Lucia Higbee, Commissioner, and was signed by Eunice G. Tindal as Register of the Circuit Court of Baldwin County, Alabama. Commissioner Higbee took the oral deposition of complainant, Robert D. Rogers, in the office of John V. Duck, his solicitor. The testimony on which the decree of divorce was granted was:
"That on that day, and on various and prior occasions before that, MINNIE B. ROGERS threatened and abused me and threatened to do me bodily harm which would necessarily endanger my life and health, and that from her conduct I was afraid that if I continued to live with her, she might do actual physical violence which would necessarily endanger my life and health."
Register Tindal, on a form styled "Note of Testimony" submitted this case to the Circuit Judge. This form recited: "This cause is submitted in behalf of Complaint *633 upon the original Bill of Complaint, and testimony of Complainant and in behalf of Defendant upon Answer and Waiver." This printed form was signed by John V. Duck and Eunice G. Tindal.
The printed form, styled "Divorce Decree", was signed by Telfair J. Mashburn, "Judge Circuit Court, in Equity" and recited:
"This cause coming on to be heard was submitted upon Bill of Complaint, Answer and Waiver and Testimony as noted by the Register, and upon consideration thereof, the Court is of the opinion that the Complainant is entitled to the relief prayed for in said bill.
"It is therefore ordered, adjudged and decreed by the Court that the bonds of matrimony heretofore existing between the Complainant and Defendant be, and the same are hereby dissolved, and that the said ROBERT D. ROGERS is forever divorced from the said MINNIE B. ROGERS for and on account of CRUELTY."
"It is further ordered that the Complainant and Respondent be, and they are hereby permitted to again contract marriage upon payment of the cost of this suit."
Robert D. Rogers and Minnie Cornelia Rogers both continued to reside in their home in Spanish Fort, Alabama, until January 6, 1972, when Rogers brought Mrs. Rogers to Morton, Mississippi, and left her with his daughter-in-law, Mrs. Jimmy Rogers.
On December 24, 1971, Rogers gave Mrs. Rogers a Pictorial New Testament inscribed by him: "12-24-71 To my Darling Cornelia I love you so much Duval."
On January 7, 1972, Robert D. Rogers married Sara Mercer in Livingston, Alabama.
On February 4, 1972, Robert D. Rogers, Jr. was appointed Conservator of the Estate of Mrs. Minnie Cornelia Rogers.
Dr. George Taylor testified that Mrs. Rogers was admitted to the Mississippi State Hospital on February 16, 1972, with a history of severe mental deterioration; that he was very interested in Mrs. Rogers because at one time they were neighbors for many years. He saw her daily while she was in the main receiving unit of the hospital. Dr. Taylor testified that although he was her attending physician from March 9, 1972, until she was discharged on leave on May 15, 1972, and saw her daily, that she never remembered who he was. She would put on two or three skirts and two or three blouses at one time. She put on makeup like a child playing with her mother's makeup kit. Dr. Taylor further testified:
"She was very severely demented and certainly was not responsible for anything that she did while she was at Mississippi State Hospital."
The entire staff of the Mississippi State Hospital agreed with the diagnosis that she was suffering from "psychosis due to cerebral arteriosclerosis." Dr. Taylor explained that this is a slow progressive disease. It was his "very strong" opinion as a psychiatrist and medical doctor that she would not have been competent on July 20, 1971, to sign a waiver of process, act for herself in any way or defend herself "in a Court of law."
Dr. Bruce Sutton, a medical doctor specializing in psychiatry, examined Mrs. Rogers on August 30, 1971. Dr. Sutton testified that she was in very poor contact with reality, could not tell him much about her family or even the number of children that she had, wasn't quite sure where she was and her memory functions were very poor. Dr. Sutton was asked about her mental competency on July 20, 1971:
"A. It is my opinion that she was not capable of executing any legal instruments.

*634 "Q. Is that on July 20, 1971?
"A. Yes, sir."
Two of her adult sons, one adult daughter, and a daughter-in-law (the wife of her invalid son) testified of many instances indicative of her complete mental incompetency and the inexorable progress of arteriosclerosis. Their testimony was positive, unequivocal and unanimous that on July 20, 1971, Mrs. Rogers was completely incompetent, would not know what she was doing, and would not comprehend the meaning of anything that she might do on that date.
The testimony of her complete mental incompetency on July 20, 1971, was so overwhelming that the Chancery Court could have reached no other conclusion but that she was mentally incapable of realizing the significance of any instrument that she might sign on that date. The chancellor was eminently correct in finding that Robert D. Rogers perpetrated a fraud both on Mrs. Rogers and on the Circuit Court of Baldwin County, Alabama.
This Court said in Zwerg v. Zwerg, 254 Miss. 8, 179 So.2d 821 (1965):
"The public policy of Mississippi will not allow to stand a decree of divorce obtained by fraud, and such decree may be attacked successfully at any time whether the basis of the attack appears on the face of the record or not. Watts v. Watts, 123 Miss. 812, 86 So. 353 (1920)." 254 Miss. at 15-16, 179 So.2d at 823 (Emphasis Added).
"As was said in the Watts case, supra, it makes no difference whether the attack of fraud is made by the original bill or by petition, or by motion. The court will look to the substance of things rather than mere procedure and will not permit a person practicing fraud to benefit by his or her acts." 254 Miss. at 20, 179 So.2d at 825.
"In [Wooden v. Wooden] 113 Okl. [81] at 83, 239 P. [231] at 233, the Court (quoting from Young v. Young, 17 Minn. 181, Gil. 153) further stated:
`In an action for divorce, any course of action by plaintiff which is intended to and does prevent the defendant from setting up and establishing a defense to the action is a fraud upon the administration of justice, as well as upon the defendant, for which the judgment thereby procured will be set aside.'
......
"In Burkdoll v. Burkdoll, 178 Okl. 392, 394, 62 P.2d 1266, 1268 (1936), the Oklahoma court, quoting from the Wooden case, supra, said:
`Courts of general jurisdiction have inherent power, independent of any statutory provisions, and in divorce cases, no less than in other cases, to set aside and annul any judgment or decree procured by fraud and deceit of the successful party, practiced upon the complaining party to the action and the court.' (Emphasis supplied)."
254 Miss. at 17-18, 179 So.2d at 824-825 (Emphasis added).
Finally, Rogers contends that the Chancery Court erred in overruling his motion for 30 days additional time "to answer this amendment" after Mrs. Rogers was allowed to amend her Bill of Complaint at the close of her case. The Bill of Complaint specifically charged that a fraud was perpetrated on both Mrs. Rogers and the Circuit Court of Baldwin County, Alabama. The three-line amendment, to conform the pleadings to the proof, added little, if anything, to the original specific charge of fraud. The appellant was not taken by surprise and was not prejudiced in any way by allowing the amendment. The granting of a continuance is largely a *635 matter within the sound discretion of the court. Unless manifest injustice appears to have resulted from a denial, this Court will not reverse. No such injustice resulted here.
The decree of the Chancery Court is affirmed.
The motion for an additional attorney's fee for representation in this Court is sustained. In line with our usual custom, the attorney's fee for representation in this Court is fixed at one-half of the fee allowed in the lower court, which one-half would be $375.00.
Affirmed, and an additional attorney's fee of $375.00 allowed.
RODGERS, P.J., and PATTERSON, SMITH and SUGG, JJ., concur.